**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>and<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue NW<br>Washington, DC 20535<br><br>*Defendants.* | Case No. 17-727 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of Justice and the Federal Bureau of Investigation under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant Federal Bureau of Investigation (FBI) is a component of DOJ and is also headquartered in Washington, DC, with field offices across the country. The FBI has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*Relevant Trump Administration Positions Regarding Contacts with Russia*

8.      As described below, American Oversight filed two FOIA requests seeking documents that would shed light on a matter of significant public concern: the extent to which individuals associated with Donald Trump's presidential campaign communicated with Russian officials and the steps the Trump administration allegedly took to downplay or rebut such communications.

9.      In early summer 2016, allegations of Russian interference in the U.S. presidential election began to surface.

10.     On February 14, 2017, the *New York Times* and other news outlets began reporting that associates affiliated with then-candidate Trump's presidential campaign had had contact with Russian intelligence officials.

11.     The White House denied the allegations.

12.     The following week, it was reported that White House Chief of Staff Reince Priebus had contacted the FBI to ask the agency "to publicly knock down media reports about communications between Donald Trump's associates and Russians known to US intelligence during the 2016 presidential campaign."

13.     If true, such contact between the White House Chief of Staff and the FBI would be inconsistent with DOJ policy.

14.     In May 2009, then-Attorney General Eric Holder issued a memorandum to the heads of all DOJ components (including the FBI) and all U.S. Attorneys entitled, "Communications with the White House and Congress."

15.     The memorandum reads in relevant part: "Initial communications between the Department and the White House concerning pending or contemplated criminal investigations or cases will involve only the Attorney General or the Deputy Attorney General, from the side of the Department, and the Counsel to the President, the Principal Deputy Counsel to the President, the President or the Vice President, from the side of the White House."

16.     There have been no reports that the memorandum has been rescinded or revised.

17.     As described below, American Oversight submitted a FOIA request for information related to Mr. Priebus's contacts with the FBI.

18.     Subsequent to the reporting about Mr. Priebus's contacts with the FBI, additional news stories regarding Russia-Trump campaign communications continued to surface.

19.     On March 1, 2017, three weeks after Jeff Sessions was confirmed as attorney general, *The Washington Post* reported that in 2016 then-Senator Sessions met with Russian Ambassador Sergey Kislyak on at least two occasions.

20.     That report raised questions about the truthfulness of Mr. Sessions's testimony to Congress during his confirmation hearing.

21.     At the hearing, Mr. Sessions testified that he "did not have communications with the Russians."

22.     During that testimony, Mr. Sessions also noted that he had "been called a [Trump campaign] surrogate at a time or two."

23.     While Mr. Sessions has defended the propriety of his statements to Congress, it remains unknown to the public whether he reported his Russian contacts in other contexts, including his security clearance vetting for the position of attorney general.

24.     On information and belief, in connection with his background investigation

Mr. Sessions completed Standard Form 86 (SF-86), which requires disclosure of all contacts

with foreign government officials.

25.     As described below, American Oversight submitted a FOIA request for discrete

and specific information related to Mr. Sessions's SF-86 form.

*Priebus FOIA*

26.     On March 9, 2017, American Oversight submitted a FOIA request ("Priebus

FOIA") to the FBI seeking access to the following records:

1) All communications between White House Chief of Staff Reince
   Priebus or any individuals acting on Priebus's behalf, and any
   personnel at the FBI regarding February 2017 news reports of an
   FBI investigation dating back to summer 2016 into affiliations
   between then-candidate Donald J. Trump (and his associates) and
   Russians known to intelligence officials;

2) All communications since November 8, 2016, between the FBI and
   the news media regarding an FBI investigation dating back to
   summer 2016 into affiliations between then-candidate Donald J.
   Trump (and his associates) and Russians known to intelligence
   officials;

3) All communications between the FBI and the news media regarding
   the alleged White House conversations about what the FBI should
   say about its investigation; and

4) All communications between the FBI and any member of Congress
   or congressional staff, regarding the alleged White House
   conversations about what the FBI should say about its investigation.

A copy of the Priebus FOIA is attached hereto as Exhibit A and incorporated herein.

27.     American Oversight sought expedited processing of its Priebus FOIA request

under 28 C.F.R. § 16.5(e)(1)(iv).

28.     American Oversight's Priebus FOIA request relates to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

29.     The Priebus FOIA request involves a matter of widespread and exceptional media interest.

30.     There has been widespread news coverage across media platforms addressing Mr. Priebus's conduct, in his role as White House Chief of Staff, allegedly involving himself in connection with the FBI's interaction with the media and Congress regarding Russian contacts with Mr. Trump's campaign as well as Russian interference in the 2016 presidential election, including, for example, several news articles cited in the Priebus FOIA request.

31.     The subject of the Priebus FOIA request speaks to questions about the government's integrity that affect public confidence.

32.     Records responsive to this request could reveal whether the White House violated long-standing DOJ protocol and attempted to interfere with and/or influence how the FBI discusses its ongoing investigations.

33.     American Oversight received confirmation of its electronic submission of the Priebus FOIA on March 9, 2017. The FBI's eFOIPA submission portal auto-designated the Priebus FOIA request with the identification 3217764.

34.     The FBI posted to the eFOIPA submission portal a letter dated March 30, 2017, linked to the 3217764 designation, formally acknowledging receipt of American Oversight's Priebus FOIA request; the FBI assigned the request tracking number 1369944-000.

35.     American Oversight has received no further communication from the FBI or DOJ regarding the processing of the Priebus FOIA request.

*Sessions FOIA*

36.     On March 20, 2017, American Oversight submitted a FOIA request ("Sessions

FOIA") to the FBI seeking access to the following records:

> 1) A copy of the Standard Form 86 (SF-86) form prepared by or on
> behalf of Mr. Sessions in connection with his security clearance or
> background investigation for his appointment to the position of
> United States Attorney General.
>
> American Oversight seeks only the information contained in Section
> 20B.6 of the SF-86 form relating to contacts with any official of the
> Russian government. American Oversight has no objection to the
> redaction of any other personal information contained in
> Mr. Session's SF-86 aside from Mr. Sessions's name, the signature
> line, signature date, and any disclosures regarding contacts with any
> official of the Russian government contained in his response to
> Section 20B.6 of SF-86.
>
> 2) A copy of any interview notes or summary prepared during the
> course of Mr. Sessions's background check in which Mr. Sessions
> or other sources interviewed disclosed any contacts between
> Mr. Sessions and any official of the Russian government.
>
> American Oversight seeks only the portion of the interview notes or
> summaries that disclose Mr. Sessions's contacts with officials of the
> Russian government, the date of the interview, and the name of the
> interview subject making the disclosure. American Oversight has no
> objection to the redaction of any other personal information
> regarding Mr. Sessions contained in the background interview notes
> or summaries aside from any disclosures regarding contacts with
> any official of the Russian government, the date of the interview,
> and the name of the interview subject.

A copy of the Sessions FOIA is attached hereto as Exhibit B and incorporated herein.

37.     American Oversight sought expedited processing of its Sessions FOIA request

under 28 C.F.R. § 16.5(e)(1)(iv).

38.     American Oversight's Sessions FOIA request relates to "[a] matter of widespread

and exceptional media interest in which there exist possible questions about the government's

integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

39.     The Sessions FOIA request involves a matter of widespread and exceptional media interest.

40.     There has been widespread media coverage addressing both the allegations of Mr. Sessions's Russian contacts and the possibility that Mr. Sessions provided less-than-truthful testimony during his confirmation hearing to be the nation's top prosecutor, including, for example, several articles cited in the Sessions FOIA request.

41.     The very limited information American Oversight seeks regarding Mr. Sessions's SF-86 and what he disclosed regarding his contacts with Russian representatives is of significant media and public interest.

42.     The subject of the Sessions FOIA request addresses questions about the government's integrity that affect public confidence.

43.     Questions have already been raised about the integrity of the 2016 presidential election and the veracity of Mr. Sessions's testimony during his confirmation hearing.

44.     Mr. Sessions acted as a surrogate for Mr. Trump's campaign.

45.     The limited information American Oversight seeks from Mr. Sessions's SF-86 has the potential to restore public confidence both with regard to the extent of Russian contact with the Trump campaign and to the truthfulness of Mr. Sessions's testimony before Congress.

46.     The limited information American Oversight seeks from Mr. Sessions's SF-86 also would address a significant question regarding the integrity of a senior government official responsible for directing government operations, including law enforcement and national security operations with a high level of sensitivity.

47.     The limited information American Oversight seeks from Mr. Sessions's SF-86 might also uncover unlawful conduct by a senior government official, if the information

disclosed in response to the Sessions FOIA request were to reveal that Mr. Sessions failed to

disclose his contacts with Russian government officials in his SF-86 while also certifying that his

statements in the SF-86 were true and complete. In signing his SF-86, Mr. Sessions would have

acknowledged that a willful false statement on the SF-86 could be punished by fine or

imprisonment or both under 18 U.S.C. § 1001.

48.     American Oversight received confirmation of its electronic submission of the

Sessions FOIA on March 20, 2017. The FBI's eFOIPA submission portal auto-designated the

Sessions FOIA request with the identification 7cca925.

49.     The FBI has yet to formally acknowledge receipt of American Oversight's

Sessions FOIA.

50.     American Oversight has received no further communication from the FBI or DOJ

regarding the processing of the Sessions FOIA request.

*Agency Inaction*

51.     The FBI has not responded to American Oversight's FOIA requests described in

paragraphs 26 and 36, notwithstanding the obligation of the agency under FOIA to respond

within twenty working days.

52.     Through the FBI's failure to make determinations as to American Oversight's

requests for expedition or to respond to American Oversight's FOIA requests within the time

period required by law, American Oversight has constructively exhausted its administrative

remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing of Priebus FOIA**

53.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

54.    American Oversight properly requested records within the possession, custody, and control of the Defendants on an expedited basis.

55.    Defendants are an agency and a component thereof subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

56.    The records sought by American Oversight's Priebus FOIA request relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

57.    Defendants failed to ensure that a determination of whether to provide expedited processing was made and notice of the determination was provided to American Oversight within ten days after the date of the Priebus FOIA request.

58.    Defendants' failure to grant expedited processing violates FOIA and DOJ regulations.

59.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to grant expedited processing of American Oversight's Priebus FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records Responsive to Priebus FOIA

60.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

61.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

62.     Defendants are an agency and a component thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

63.     Defendants have failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's Priebus FOIA request.

64.     Defendants' failure to search for responsive records violates FOIA.

65.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's Priebus FOIA request.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records Responsive to Priebus FOIA

66.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

67.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

68.     Defendants are an agency and a component thereof subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

69.     Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its Priebus FOIA request.

70.     Defendants' failure to provide all responsive records violates FOIA.

71.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to its Priebus FOIA request and provide a *Vaughn* index of any responsive records withheld under claim of exemption.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing of Sessions FOIA

72.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

73.     American Oversight properly requested records within the possession, custody, and control of the Defendants on an expedited basis.

74.     Defendants are an agency and a component thereof subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

75.     The records sought by American Oversight's Sessions FOIA request relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

76.     Defendants failed to ensure that a determination of whether to provide expedited processing was made and notice of the determination was provided to American Oversight within ten days after the date of the Sessions FOIA request.

77.     Defendants' failure to grant expedited processing violates FOIA and DOJ

regulations.

78.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory

relief requiring Defendants to grant expedited processing of American Oversight's Sessions

FOIA request.

## COUNT V
### Violation of FOIA, 5 U.S.C. § 552
**Failure to Conduct Adequate Search for Records Responsive to Sessions FOIA**

79.     American Oversight repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

80.     American Oversight properly requested records within the possession, custody,

and control of the Defendants.

81.     Defendants are an agency and a component thereof subject to FOIA and must

therefore make reasonable efforts to search for requested records.

82.     Defendants have failed to review promptly agency records for the purpose of

locating those records which are responsive to American Oversight's Sessions FOIA request.

83.     Defendants' failure to search for responsive records violates FOIA.

84.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory

relief requiring Defendants to promptly make reasonable efforts to search for records responsive

to American Oversight's Sessions FOIA request.

## COUNT VI
### Violation of FOIA, 5 U.S.C. § 552
**Wrongful Withholding of Non-Exempt Records Responsive to Sessions FOIA**

85.     American Oversight repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

86.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

87.     Defendants are an agency and a component thereof subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

88.     Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its Sessions FOIA request.

89.     Defendants' failure to provide all responsive records violates FOIA.

90.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to its Sessions FOIA request and provide a *Vaughn* index of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to the FBI on March 9 and March 20, 2017;

(2) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable

attorneys' fees and other litigation costs reasonably incurred in this action, pursuant

to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 19, 2017                                  Respectfully submitted,

                                                       */s/ Cerissa Cafasso*
                                                       Cerissa Cafasso
                                                       D.C. Bar No. 1011003
                                                       AMERICAN OVERSIGHT
                                                       1030 15th Street NW, B255
                                                       Washington, DC 20005
                                                       (202) 869-5246
                                                       cerissa.cafasso@americanoversight.org
                                                       *Counsel for Plaintiff*