# Exhibit B



March 20, 2017

<u>VIA ONLINE REQUEST FORM</u>

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
170 Marcel Drive
Winchester, VA 22602-4843
Online Request via https://efoia.fbi.gov

**Re: Expedited Freedom of Information Act Request**

Dear Mr. Hardy:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and Department of Justice (DOJ) implementing regulations, 28 C.F.R. Part 16, American Oversight makes the following request for records.

On the evening of March 1, 2017, *The Washington Post* reported that then-Senator Jeff Sessions met with Russian Ambassador Sergey Kislyak on at least two occasions in 2016.[1] Soon after the conversations were reported, questions arose as to the truthfulness of Mr. Sessions's testimony to Congress during his confirmation hearing to lead the DOJ as Attorney General.[2] The standard form that individuals must complete when seeking a national security clearance requires disclosure

---

[1] Adam Entous et al., *Sessions Met with Russian Envoy Twice Last Year, Encounters He Later Did Not Disclose*," WASH. POST, Mar. 1, 2017, https://www.washingtonpost.com/world/national-security/sessions-spoke-twice-with-russian-ambassador-during-trumps-presidential-campaign-justice-officials-say/2017/03/01/77205eda-feac-11e6-99b4-9e613afeb09f_story.html.

[2] *See* Brooke Seipel, *Bush's Ethics Lawyer On Sessions Talks with Russia Ambassador: 'Good Way To Go To Jail'*, THE HILL BLOG (Mar. 1, 2017, 10:34 PM), http://thehill.com/blogs/blog-briefing-room/news/321936-ethics-lawyer-to-george-w-bush-on-sessions-talks-with-russa; Press Release, Rep. Elijah E. Cummings, Ranking Member of the House Committee on Oversight and Government Reform, "Cummings Calls for Attorney General's Resignation After Revelation about Communications with Russians" (Mar. 1, 2017), *available at* https://democrats-oversight.house.gov/news/press-releases/cummings-calls-for-attorney-generals-resignation-after-revelation-about; Press Release, Sen. Al Franken, Member of the Senate Committee on the Judiciary, "Sen. Franken's Statement on Report that Attorney General Jeff Sessions Misled American Public Under Oath During Confirmation Hearing About His Contact with Russian Officials" (Mar. 2, 2017), *available at* https://www.franken.senate.gov/?p=press_release&id=3632.

---



of all contacts with foreign government officials.[3] In light of Mr. Sessions's apparent failure to disclose his contacts with the Russian government as part of his Senate testimony, American Oversight is seeking records to determine whether Mr. Sessions properly disclosed these contacts in connection with seeking a security clearance to serve as Attorney General.

<u>Requested Records</u>

American Oversight requests that the FBI produce the following within twenty business days and seeks expedited review of this request for the reasons identified below:

1.   A copy of the Standard Form 86 (SF-86) form prepared by or on behalf of Mr. Sessions in connection with his security clearance or background investigation for his appointment to the position of United States Attorney General.

     American Oversight seeks only the information contained in Section 20B.6 of the SF-86 form relating to contacts with any official of the Russian government. American Oversight has no objection to the redaction of any other personal information contained in Mr. Session's SF-86 aside from Mr. Sessions's name, the signature line, signature date, and any disclosures regarding contacts with any official of the Russian government contained in his response to Section 20B.6 of  SF-86.

2.   A copy of any interview notes or summary prepared during the course of Mr. Sessions's background check in which Mr. Sessions or other sources interviewed disclosed any contacts between Mr. Sessions and any official of the Russian government.

     American Oversight seeks only the portion of the interview notes or summaries that disclose Mr. Sessions's contacts with officials of the Russian government, the date of the interview, and the name of the interview subject making the disclosure. American Oversight has no objection to the redaction of any other personal information regarding Mr. Sessions contained in the background interview notes or summaries aside from any disclosures regarding contacts with any official of the Russian government, the date of the interview, and the name of the interview subject.

The collection, maintenance, and disclosure of the SF-86 used in background investigations, as well as background investigation materials, are governed by the Privacy Act. Consistent with the terms on the face of the SF-86 itself, the Privacy Act permits the disclosure "[t]o the news media or the general public" of "factual information the disclosure of which would be in the public interest

---

[3] *See* U.S. Office of Personnel Management, Standard Form 86, "Questionnaire for National Security Positions," Question 20B.6 at 76, *available at* https://www.opm.gov/forms/pdf_fill/sf86-non508.pdf.

DOJ-17-0037

and which would not constitute an unwarranted invasion of personal privacy."[4] American Oversight seeks only the disclosure of information in one sub-part of Mr. Sessions's SF-86 form and related disclosures during the background check process. Moreover, at least some information regarding Mr. Sessions's contacts with officials of the Russian government is already public. Consequently, the requested disclosures would not constitute an unwarranted invasion of privacy. Additionally, because Mr. Sessions's truthfulness in the course of his Senate confirmation process regarding such contacts has already been called into question, the disclosure of this information is in the public interest. Because public interest balancing favors disclosure, if the FBI asserts exemptions with respect to disclosures regarding Mr. Sessions's contact with officials of the Russian government, American Oversight will challenge those withholdings in court. Please clearly mark any redactions with any asserted exemptions, or as nonresponsive if the redacted material does not relate to Mr. Sessions's contacts with officials of the Russian government.

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[5] If it is your position that any portion of the requested records is exempt from disclosure, American Oversight requests that you provide an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). As you are aware, a *Vaughn* index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[6] Moreover, the *Vaughn* index "must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information."[7] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[8]

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[9] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

---

[4] U.S. Office of Personnel Management, Standard Form 86, "Questionnaire for National Security Positions," *available at* https://www.opm.gov/forms/pdf_fill/sf86-non508.pdf.
[5] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[6] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[7] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original).
[8] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[9] *Mead Data Central*, 566 F.2d at 261.

3

**You should institute a preservation hold on information responsive to this request.** American Oversight intends to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, the FBI is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and the FBI can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email or in PDF or TIF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street, NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on rolling basis.

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k), American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. § 552(a)(4)(A)(iii).[10]

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and "is not primarily in the commercial interest of the requester."[11] The disclosure of the information sought under this request will document and reveal the operations of the federal government, including how public funds are spent and how officials conduct the public's business.

Allegations of Russian interference in the U.S. election and the Trump campaign's closeness to Russian officials has been the subject of significant media coverage. On August 27, 2016, then-Senate Minority Leader Harry Reid wrote to FBI Director James Comey asking Mr. Comey to investigate evidence of planned tampering by the Russians.[12] Then on September 8, 2016, the same day as Mr. Sessions's reported one-on-one meeting with Mr. Kislyak, the *New York Times*

---

[10] *See, e.g., McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

[11] 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.10(k).

[12] David E. Sanger, *Harry Reid Cites Evidence of Russian Tampering in U.S. Vote, and Seeks F.B.I. Inquiry*, N.Y. TIMES, Aug. 29, 2016, https://www.nytimes.com/2016/08/30/us/politics/harry-reid-russia-tampering-election-fbi.html.

DOJ-17-0037

published an article quoting Mr. Sessions in which Mr. Trump's campaign reaffirmed its embrace of Russian president Vladimir Putin.[13]

A week prior to Mr. Trump's inauguration, reports surfaced that Michael T. Flynn, Mr. Trump's first National Security Advisor, spoke with Mr. Kislyak the day before the Obama administration imposed sanctions on Russia as retaliation for the election interference.[14] Members of Congress began pressing for an investigation into Mr. Flynn, Mr. Trump's campaign, and Russia ties. During his confirmation process, Mr. Sessions answered written and oral questions from the Senate Committee on the Judiciary on the campaign's communications with Russia and Mr. Sessions's position on recusal from any investigation into the matter.[15] During the inquiries, Mr. Sessions stated that he "did not have communications with the Russians."[16]

The *Post's* reporting reveals that Mr. Sessions's responses were not wholly truthful. Mr. Sessions's eventual recusal from any investigations related to the 2016 presidential campaign further calls into question his truthfulness on this issue. The American people deserve to know whether Mr. Sessions properly disclosed his contacts with the Russian government in other contexts, including his security clearance paperwork or background investigation.

This request is primarily and fundamentally for non-commercial purposes. As a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose and the release of the information requested is not in American Oversight's financial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight will use the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight will also make materials it gathers available on our public website.

Accordingly, American Oversight qualifies for a fee waiver.

---

[13] Jonathan Martin & Amy Chozick, *Donald Trump's Campaign Stands By Embrace of Putin*, N.Y. TIMES, Sept. 8, 2016, https://www.nytimes.com/2016/09/09/us/politics/hillary-clinton-donald-trump-putin.html.

[14] Julie Hirschfeld Davis et al., *Trump National Security Adviser Called Russian Envoy Day Before Sanctions Were Imposed*, N.Y. TIMES, Jan. 13, 2017, https://www.nytimes.com/2017/01/13/us/politics/donald-trump-transition.html.

[15] Seung Min Kim, *Sessions Won't Recuse Himself from DOJ Trump Probes*, POLITICO (Jan. 23, 2017, 8:38 PM), http://www.politico.com/story/2017/01/jeff-sessions-trump-probes-234087; Faith Karimi, *What Jeff Sessions Said About Russia Ties During Confirmation Hearings*, CNN (Mar. 3, 2017, 11:42 AM) http://www.cnn.com/2017/03/02/politics/russia-jeff-sessions-confirmation-hearing/.

[16] Faith Karimi, *What Jeff Sessions Said About Russia Ties During Confirmation Hearings*, CNN (Mar. 3, 2017, 11:42 AM) http://www.cnn.com/2017/03/02/politics/russia-jeff-sessions-confirmation-hearing/.

DOJ-17-0037

**Application for Expedited Processing**

Pursuant to 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. § 16.5(b), (e)(1)(iv), American Oversight requests that the FBI expedite the processing of this request.

I certify to be true and correct to the best of my knowledge and belief, that there is widespread and exceptional media interest and there exist possible questions concerning the government's integrity, which affect public confidence. As discussed above, media reporting raises significant questions regarding the truthfulness of Mr. Sessions's testimony before the Senate and the relationship between Russia and persons affiliated with Mr. Trump's campaign. Mr. Sessions's decision to recuse himself from any investigations into Mr. Trump's campaign raises further questions about his truthfulness in those hearings. The requested documents will shed light on these issues of considerable interest to the public. The truthfulness of the Attorney General is a quintessential example of "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[17]

Accordingly, American Oversight's request satisfies the criteria for expedition.

---

[17] 28 C.F.R. § 16.5(e)(1)(iv); *see, e.g.*, Adam Entous et al., *Sessions Met with Russian Envoy Twice Last Year, Encounters He Later Did Not Disclose*," WASH. POST, Mar. 1, 2017, https://www.washingtonpost.com/world/national-security/sessions-spoke-twice-with-russian-ambassador-during-trumps-presidential-campaign-justice-officials-say/2017/03/01/77205eda-feac-11e6-99b4-9e613afeb09f_story.html; Brooke Seipel, *Bush's Ethics Lawyer On Sessions Talks with Russia Ambassador: 'Good Way To Go To Jail'*, THE HILL BLOG (Mar. 1, 2017, 10:34 PM), http://thehill.com/blogs/blog-briefing-room/news/321936-ethics-lawyer-to-george-w-bush-on-sessions-talks-with-russa; David E. Sanger, *Harry Reid Cites Evidence of Russian Tampering in U.S. Vote, and Seeks F.B.I. Inquiry*, N.Y. TIMES, Aug. 29, 2016, https://www.nytimes.com/2016/08/30/us/politics/harry-reid-russia-tampering-election-fbi.html; Julie Hirschfeld Davis et al., *Trump National Security Adviser Called Russian Envoy Day Before Sanctions Were Imposed*, N.Y. TIMES, Jan. 13, 2017, https://www.nytimes.com/2017/01/13/us/politics/donald-trump-transition.html; Seung Min Kim, *Sessions Won't Recuse Himself from DOJ Trump Probes*, POLITICO (Jan. 23, 2017, 8:38 PM), http://www.politico.com/story/2017/01/jeff-sessions-trump-probes-234087; Faith Karimi, *What Jeff Sessions Said about Russia Ties During Confirmation Hearings*, CNN (Mar. 3, 2017, 11:42 AM) http://www.cnn.com/2017/03/02/politics/russia-jeff-sessions-confirmation-hearing/; Margaret Hartmann, *What We Know About the Investigations Into Trump's Russia Scandal*, N.Y. MAG. (Mar. 7, 2017), http://nymag.com/daily/intelligencer/2017/03/what-we-know-about-the-probes-into-trumps-russia-scandal.html; Karen Demirjian et al., *Attorney General Jeff Sessions Will Recuse Himself from Any Probe Related to 2016 Presidential Campaign*, WASH. POST (Mar. 2, 2017), https://www.washingtonpost.com/powerpost/top-gop-lawmaker-calls-on-sessions-to-recuse-himself-from-russia-investigation/2017/03/02/148c07ac-ff46-11e6-8ebe-6e0dbe4f2bca_story.html?hpid=hp_hp-top-table-main_gopreax-840a%3Ahomepage%2Fstory&tid=ptv_rellink&utm_term=.8ad634d0414c.

DOJ-17-0037

## Conclusion

We share a common mission to promote transparency in government. American Oversight looks forward to working with you on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully releasing the requested records, please contact Sara Creighton at foia@americanoversight.org or 202-869-5246. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

Austin R. Evers
Executive Director
American Oversight

cc:     Sarah Isgur Flores, Director, Office of Public Affairs

DOJ-17-0037