IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-cv-0727 |
| | ) |
| DEPARTMENT OF JUSTICE, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), in Winchester, Virginia.[1] I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 243 employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and

---

[1] IMD's name was changed from the Records Management Division ("RMD") in May 2018.

1

information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions and orders; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), and the preparation of declarations in support of Exemption (b)(1) claims asserted under the FOIA. I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to E.O. 13526 §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) This declaration supports Defendants' opposition to Plaintiff's motion for attorney fees in this matter, and addresses the FBI's handling of the two FOIA requests subject to this lawsuit.

(4) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to FOIA requests in general and with the handling of Plaintiffs' two requests in this litigation in particular.

(5) On April 19, 2017, Plaintiff filed a multi-count FOIA lawsuit against Defendants regarding the FBI's handling of two FOIA requests. *See* ECF No. 1, Complaint.

(6) The first FOIA request, dated March 9, 2017, sought:

    1) All communications between White House Chief of Staff Reince Priebus or any individuals acting on Priebus's behalf, and any personnel at the FBI regarding February 2017 news reports of an FBI investigation dating back to summer 2016 into affiliations between then-candidate Donald J. Trump (and his associates) and Russians known to intelligence officials
    2) All communications since November 8, 2016, between the FBI and the

        news media regarding an FBI investigation dating back to summer 2016 into affiliations between then-candidate Donald J. Trump (and his associates) and Russians known to intelligence officials;

3)     All communications between the FBI and the news media regarding the alleged White House conversations about what the FBI should say about its investigation; and

4)     All communications between the FBI and any member of Congress or congressional staff, regarding the alleged White House conversations about what the FBI should say about its investigation.

*See* **Exhibit A** ("Priebus Request").

(7)     The FBI assigned this request FOIPA Request No. 1369944, and formally acknowledged its receipt by letter dated March 30, 2017. *See* **Exhibit B.**

(8)     On April 18, 2017, the FBI granted Plaintiff's request to expedite this request.

*See* **Exhibit C.**

(9)     The second FOIA request, dated March 20, 2017, sought:

1)     A copy of the Standard Form 86 (SF-86) form prepared by or on behalf of Mr. Sessions in connection with his security clearance or background investigation for his appointment to the position of United States Attorney General.

    American Oversight seeks only the information contained in Section 20B.6 of the SF-86 form relating to contacts with any official of the Russian government. American Oversight has no objection to the redaction of any other personal information contained in Mr. Session's [sic] SF-86 aside from Mr. Sessions's name, the signature line, signature date, and any disclosures regarding contacts with any official of the Russian government contained in his response to Section 20B.6 of SF-86.

2)     A copy of any interview notes or summary prepared during the course of Mr. Sessions's background check in which Mr. Sessions or other sources interviewed disclosed any contacts between Mr. Sessions and any official of the Russian government.

    American Oversight seeks only the portion of the interview notes or summaries that disclose Mr. Sessions's contacts with officials of the Russian government, the date of the interview, and the name of the interview subject making the disclosure. American Oversight has no objection to the redaction of any other personal information regarding Mr. Sessions contained in the background interview notes or summaries aside

3

>  from any disclosures regarding contacts with any official of the Russian government, the date of the interview, and the name of the interview subject.

*See* **Exhibit D** ("Sessions Request").

(10) The FBI assigned this request FOIPA Request No. 1370992, and formally acknowledged its receipt by letter dated April 11, 2017. *See* **Exhibit E**.

(11) On May 4, 2017, the FBI granted Plaintiff's request to expedite this request. *See* **Exhibit F**.

(12) Ultimately, the FBI located, processed, and released records in response to both requests. Specifically, the FBI made releases of all non-exempt information located in response to the Priebus request on August 11 and September 27, 2017. And in response to the Sessions request, on July 17, 2017, the FBI released one page from Attorney General Sessions's SF-86 on which the question and his answer to Section 20B.6 appeared. Plaintiff subsequently objected to not receiving the signature page of the SF-86, which the FBI had not processed for release because it did not contain the question and answer to Section 20B.6, which Plaintiff had requested. The signature page was provided to Plaintiff as a discretionary release on August 1, 2017.

(13) FBI believes that its original withholding of Section 20B.6 of the Attorney General's SF-86, pursuant to Exemption 6 of the FOIA, was proper. However, a discretionary release of that question was made after consultations with the Office of the Attorney General regarding the Attorney General's privacy, which had been the primary consideration in asserting Exemption 6 over the responsive record. FBI similarly made a discretionary release of the signature page after consultation with the Office of the Attorney General, notwithstanding the agency's view that the signature page was not responsive to Plaintiff's request.

(14) While these discretionary responses to the Sessions Request and productions responsive to the Priebus Request were made following the filing of this lawsuit, the FBI had already begun working on both requests at the time Plaintiff filed suit. Specifically, the FBI conducted preliminary searches for responsive records for the Priebus request on March 27, 2017, and for the Sessions request on April 7, 2017. Furthermore, staff from RIDS and the FBI's Office of General Counsel met on or about March 27, 2017, about both requests and had developed a processing strategy for both which was already being implemented at the time Plaintiff filed its lawsuit.

(15) Staff from RIDS were unable to provide a substantive response to Plaintiff's FOIA requests within the 20 business days mandated by statute because of significant administrative backlogs that cause delays in FBI's processing of new FOIA requests. The volume of FOIA litigation and litigation-related processing of FOIA requests that FBI is currently handling is at an all-time high, after seeing significant increases in intake in FY2017 when Plaintiff's requests were submitted, as well as in FY2016. Between FY2015 and FY2017, the FBI's intake of new FOIA and Privacy Act access requests increased approximately 46%. Moreover, the complexity of the requests and the volume of pages in the FBI's FOIA backlog pending processing increased 10%, from 4.8 million in FY2016 to just under 5.3 million in FY2017. RIDS staff responsible for handling these matters increased only 2% between FY2015 and FY2017. When expedited processing was granted for Plaintiff's two requests, FBI had over 500 pending FOIA requests for which expedited processing had already been granted. So while Plaintiff's requests were afforded expedited processing ahead of other non-expedited requests, there were other expedited requests in front of Plaintiff's requests. These requests contributed to the administrative backlog that rendered FBI unable to respond substantively to

Plaintiff's request within the statutorily mandated timelines.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A-F attached hereto are true and correct copies..

Executed this 13th day of July, 2018.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia